PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SPARKLE HILL, | ) CASE NO. 5:19CV1582 |
| Plaintiff, | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| MEDICARE TRANSPORT, INC., *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 19] |

Pending before the Court is the parties' Joint Motion for Approval of Confidential Settlement and Release Agreement and Stipulated Order. ECF No. 19. The parties move the Court to approve their Confidential Settlement and Release Agreement ("the Settlement") (ECF No. 19-1) resolving Plaintiff Sparkle Hill's claims filed under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*) and the Ohio Minimum Fair Wages Standards Act ("OMFWSA") (Ohio Rev. Code § 4111.03). For the following reasons, the Court finds that the Settlement Agreement is a fair and reasonable resolution of *bona fide* disputes under the FLSA.

**I. Background**

Plaintiff filed suit on July 11, 2019, alleging that Defendants violated the overtime provisions of the FLSA and OMFWSA by failing to pay Plaintiff overtime compensation at a rate of time and one-half per hourly rate for all hours worked over forty in a work week. ECF No. 1. On October 10, 2019, the Parties filed a Joint Motion For Leave to File Confidential Settlement and Stipulated Order Under Seal (ECF No. 16) which the Court granted. After engaging in expedited discovery, but prior

(5:19CV1582)

to filing dispositive motions, the parties jointly moved the Court to approve their settlement agreement, filed under seal. ECF No. 19.

## II. Law and Analysis

In reviewing a proposed FLSA settlement, "a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" Snook v. Valley OB-GYN Clinic, P.C., 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014) (quoting Lynn's Food Stores v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)).

> Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Snook, 2014 WL 7369904, at *2 (citing Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

In this case, having reviewed the Settlement (ECF No. 19-1), the Court agrees that the parties have several *bona fide* disputes with respect to the validity and strength of Plaintiff's claims.[1] The parties' divergent views of the facts would have required judicial resolution had the parties not been able to compromise their differences. This causes the Court to conclude that the settlement was an

---

[1] Specifically, the parties dispute the number of hours worked, whether Plaintiff was properly compensated under the FLSA and/or OMFWSA, and whether Plaintiff is entitled to the claimed overtime compensation. ECF No. 19 at PageID #: 89.

arms-length negotiation between the parties represented by competent counsel, and not the result of fraud or collusion.

The Court also finds that the proposed attorneys' fees are reasonable. "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999) (quoting Blum v. Stenson, 465 U.S. 886, 897 (1984)). The Court determines, pursuant to the Settlement, that Plaintiff's counsel will recover a reasonable fee not amounting to a windfall.

Some courts have also required that, when parties file their settlement agreement under seal, the district court should inquire into whether the requested secrecy is appropriate. *See* Snook, 2014 WL 7369904; Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012). FLSA settlements, which require the district court's approval, are judicial records, and judicial records are ordinarily accessible to the public. *See* Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010); Wolinsky, 900 F. Supp. 2d. at 337-341. That said, however, "all but the most doctrinaire opinions on the subject acknowledge that there may be circumstances where confidentiality provisions may be appropriate and should be accepted." Crabtree v. Volkert, Inc., 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013.). And courts in this district have approved confidential settlements in the past. *See* Killion v. KeHE Distributors, 885 F. Supp. 2d 874, 883-84 (N.D. Ohio 2012) (Zouhary, J.); Dillworth v. Case Farms Processing, Inc., 2010 WL 776933 (N.D. Ohio Mar. 8, 2010) (Lioi, J.).

That the parties in this case wish for their settlement agreement to remain confidential does not persuade the Court to disapprove the Settlement. The parties' pleadings are publicly accessible, as is

(5:19CV1582)

the fact of the Settlement itself. ECF Nos. 1, 14, 19. Members of the public stand to learn little about the value of this FLSA dispute by viewing the terms of the Settlement.

The motion and terms of the Settlement, therefore, shall remain confidential. Particularly in light of the Court's continuing jurisdiction over enforcement of the Settlement, the Court reserves its prerogative to unseal the Settlement or any portion thereof at a later date, if appropriate.

**Conclusion**

For these reasons, the Court approves the parties' Settlement and it shall remain sealed unless it becomes necessary to unseal the agreement at a future time. The Court dismisses this action with prejudice. Except as provided in the Settlement, the parties shall bear their own attorneys' fees and costs. Without affecting the finality of this Final Order and Judgment in any way, the Court shall retain continuing and exclusive jurisdiction to enforce the terms of the Settlement.

IT IS SO ORDERED.

   October 22, 2019                      /s/ Benita Y. Pearson
Date                                          Benita Y. Pearson
                                                        United States District Judge